The **OMAHA TRIBE OF NEBRASKA,**
Appellant,

v.

**UNITED STATES DEPARTMENT OF LABOR, Appellee.**

No. 92-2713.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 12, 1993.

Decided July 9, 1993.

John M. Peebles, Omaha, NE, argued, for appellant.

Annaliese Impink, Dept. of Labor, Washington, DC, argued (Marshal J. Breger, Charles D. Raymond, and Harry L. Sheinfeld, on the brief), for appellee.

Before WOLLMAN, BEAM, Circuit Judges, and NANGLE, Senior District Judge.*

NANGLE, Senior District Judge.

Petitioner, the Omaha Tribe of Nebraska (Tribe), a prime sponsor under the Comprehensive Employment and Training Act (CETA) of 1973, Pub.L. No. 93–203, §§ 1–613, 87 Stat. 839 (1974), amended by CETA Amendments of 1978, Pub.L. No. 95–524, §§ 1–809, 92 Stat. 1909 (1978) (repealed 1982), seeks review of a final order of the Department of Labor (Department) requiring repayment of $653,426.64 in disallowed CETA grant funds. The Tribe's sole argument is that the Department deprived it of due process of law in violation of the Fifth Amendment by failing to provide the Tribe with a meaningful hearing in which to resolve the disputed costs. We affirm.

## I.

In the 1970's the Department awarded the Tribe six CETA grants for the purpose of providing job training and employment opportunities to Native Americans. This case involves two grants totalling $1,271,337 which were paid between July 1976 and September 1978.

In 1981, independent accounting firms conducted audits of the two grants. Based on the audit reports, a Department grant officer issued final determinations, dated May 4 and September 21, 1981, disallowing $657,036.64 in costs and requiring the Tribe to repay the misspent funds.[1]

On October 13, 1981, the Tribe requested a hearing before an Administrative Law Judge (ALJ) pursuant to 20 C.F.R. § 676.99 (1979) to contest the final determinations. On May 17, 1983, the Tribe filed a motion to dismiss, claiming that it was unable to respond to the final determinations because the Federal Bureau of Investigation (FBI) had confiscated its CETA files in 1978 during a criminal investigation of tribal officials. The Tribe contended that the files concerning the disallowed expenditures remained in the possession of the FBI and the Department. On May 25, 1983, the ALJ dismissed the cases without prejudice.

On May 11, 1989, the grant officer filed a motion to reopen the cases on the grounds that neither the FBI nor the Department possessed the records. The ALJ granted the motion and conducted a formal hearing on April 8, 1991, at which the parties were given the opportunity to present evidence. In a decision dated May 4, 1992, the ALJ held that the record did not support the Tribe's allegations that the federal government had seized the records and never returned them. The ALJ ordered the Tribe to pay the Department $653,424.64.

The Tribe petitioned the Secretary for review of the ALJ's decision. Because the Secretary refused to accept the case for review, the ALJ's decision became the final decision of the Secretary pursuant to 20

* The HONORABLE JOHN F. NANGLE, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The grant officer disallowed costs based upon the Tribe's failure to: seek approval for expenditures, 29 C.F.R. § 97.161(b)(3) (1978); provide documentation for expenditures, 29 C.F.R. § 98.- 1811(a) (1978); prove that costs incurred were in compliance with the Act, 20 C.F.R. § 676.40 (1979) and 29 C.F.R. § 98.12(a) (1978); pay fines and penalties, 29 C.F.R. § 98.12(b)(3) (1978); properly charge direct and indirect costs, 29 C.F.R. § 98.12(a)(2) (1978); and pay required wages, 29 C.F.R. § 96.34(c)(1) (1978).

C.F.R. § 676.91(f) (1979). The Tribe then petitioned this Court for review of the decision.[2]

## II.

The scope of our review is narrow. CETA specifically provides that we must uphold the Secretary's factual conclusions if they are supported by substantial evidence on the record as a whole. Section 107(b) of CETA, 29 U.S.C. § 817(b) (repealed 1982).[3] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.... This is something less that the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence...." *Consolo v. F.M.C.*, 383 U.S. 607, 620–21, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966).

At the hearing before the ALJ, the grant officer submitted extensive documentation including grant documents, audit reports, the final determinations, and closeout documents. However, the Tribe failed to offer any documentary evidence or testimony relating to the specific disallowances. Instead, the Tribe introduced affidavits of the Tribal Manager and Bookkeeper for the CETA programs to substantiate its claims that the FBI and Department had not returned the Tribe's CETA records.

CETA regulations placed on the party requesting the hearing the burden of establishing compliance with CETA and entitlement to the relief requested. 20 C.F.R. § 676.-90(b) (1979). *See Quechan Indian Tribe v. United States Dept. of Labor,* 723 F.2d 733, 735 (9th Cir.1984); *Maine v. United States Dept. of Labor,* 669 F.2d 827, 829 (1st Cir. 1982). Because the Tribe offered no evidence to substantiate its expenditures, the Secretary properly disallowed the costs. Accordingly, the ALJ's finding that the Tribe failed to carry its burden of proof in these cases was not improper.

■■■ Our review of the record convinces us that the ALJ's disallowance of the costs in question was supported by substantial evidence. The ALJ carefully examined each of the contested costs, and indeed decreased the grant officer's disallowance in four cases. Significantly, the Tribe offered no evidence to explain discrepancies or to verify information.[4] Because the Tribe received a formal hearing in accordance with CETA regulations, we believe that no violation of the Tribe's right to due process occurred.

Affirmed.

2. Section 107(a) of CETA, under which this Court had jurisdiction to review the Secretary's final order, was repealed on October 13, 1982 by § 183 of the Job Training Partnership Act (JTPA), 29 U.S.C.A. §§ 1501–1781. However, under the transitional provision of the JTPA, 29 U.S.C.A. § 1591(e), this Court has authority to exercise jurisdiction over proceedings begun under CETA between October 13, 1982 and September 30, 1984. 29 U.S.C.A. § 1591(e) (1985).

3. Section 107(b) provides in pertinent part:

The findings of fact by the Secretary, if supported by substantial evidence, shall be conclusive, but the court, for good cause shown, may, in whole or in part, set aside the findings of the Secretary or remand the case ... to take further evidence, and the Secretary may thereupon make new or modified findings of fact and may modify the previous action, and shall certify to the court the record of the further proceedings.
Section 107(b) of CETA, as amended, Pub.L. No. 95–524, 92 Stat. 1929 (1978) (repealed 1982).

4. In his opinion, the ALJ noted that "[i]t would be extremely difficult to obtain documentary evidence from third party sources concerning expenditures which occurred some 15 years ago. However, Omaha Tribe could have produced witnesses who participated in its CETA programs or served in staff positions. Even testimony regarding the Grantee's accounting procedures and the difficulties the CETA staff experienced could have proved useful. Indeed, the administrative files admitted in evidence contain voluminous vouchers and invoices on which testimony perhaps would have proved useful." Decision and Order of ALJ at pp. 5–6.